UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LASTRADA ENTERTAINMENT COMPANY, LTD.,  :

                                       :

                Plaintiff,  :       Docket No.

                                        :

          -against-  :       **COMPLAINT AND**

                                        :       **DEMAND FOR JURY TRIAL**

MARK RONSON, JEFFREY BHASKER, PHILIP  :
MARTIN LAWRENCE II, IMAGEM MUSIC LLC,  :
IMAGEM MUSIC INC., IMAGEM, C.V.,  :
WAY ABOVE, INC., SONY/ATV SONGS, LLC,  :
SONY/ATV MUSIC PUBLISHING LLC,  :
WB MUSIC CORP., WARNER/CHAPPELL MUSIC,  :
INC., ZZR MUSIC LLC, UNIVERSAL MUSIC CORP.,  :
SONY MUSIC ENTERTAINMENT,  :
SONY MUSIC HOLDINGS INC., USCO SUB LLC,  :
SONY MUSIC ENTERTAINMENT UK LIMITED,  :
VEVO, LLC, SPOTIFY USA INC., and APPLE, INC.,  :

                                        :

              Defendants.  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

> *"Roger Troutman and Zapp, we heard them a whole lot in our formative years. You can't help hide those things that are your influence, but at the same time the goal is to do something new."*
> – Mark Ronson

> *"If you . . . copy without making it a carbon copy . . . it is original."*
> – Mark Ronson

Plaintiff Lastrada Entertainment Company, Ltd. as and for its Complaint against defendants hereby alleges upon personal knowledge and upon information and belief:

**Background**

1.    This case is about English music producer, Mark Ronson, copying the funk anthem, *More Bounce to the Ounce* written by legendary funk musician, Roger Troutman, in the worldwide hit, *Uptown Funk*.

2.     Roger Troutman, known professionally as "Roger", was one of the most influential artists of all time before his murder in 1999 at the age of 47. Roger was commercially successful as a solo artist and as the leader of Zapp, a funk group comprised of Roger and his brothers, Larry, Lester, and Terry. Roger and Zapp had fifteen records that were top ten hits on Billboard's charts, and six gold and platinum albums. Since his passing, Roger's influence and legacy has only grown and his music has been sampled (digitally copied) on albums that have sold over 200 million copies, including on five # 1 hits, and on recordings by the greatest rappers in music history, including, Notorious B.I.G. and Tupac Shakur.

3.     The musical composition written by Roger at issue in this case, *More Bounce to the Ounce*, was released on Zapp's debut album and reached the #1 spot on Billboard's R&B Albums chart in 1980. The New York Times called the album "a funk masterpiece" and its lead single, *More Bounce to the Ounce*, a "party anthem."

4.     Since its release in 1980, *More Bounce to the Ounce* has become hugely influential. It has been sampled over 200 times, including by many of the most successful and influential hip hop artists of all time, including Notorious B.I.G., Ice Cube, Public Enemy, EPMD, Mos Def, and T-Pain.

5.     Roger's music was described as "James Brown to the third power" by hip hop legend, Snoop Dogg. Roger described his own distinctive funk music as "the black experience, it's the blues of the Eighties. It has the same purpose with black people as blues had for black people when B.B. King was starting out, or Jimmy Reed."

6.     The tradition of English musicians copying the musical works of blues musicians has a long history, going back to the 1960s. The tradition is well known to Mark Ronson who, during a recent lecture, compared his own copying of his musical influences to "the way the

Delta blues struck a chord with the Stones and the Beatles and Clapton, and they felt the need to co-opt that music for the tools of their day."[1]

7.      During the lecture, Ronson explained, "**If you . . . copy without making it a carbon copy . . . it is original.**" Ronson's beliefs notwithstanding, the U.S. Copyright Act makes it unlawful to copy others' original work without authorization.

8.      The copying of *More Bounce to the Ounce* in *Uptown Funk* is obvious and the writers, producers and artists performing on *Uptown Funk* have candidly admitted to Roger's "influence" on *Uptown Funk*. For example, in a recent interview about the creation of *Uptown Funk*, Mark Ronson specifically, and unprompted, stated, "Roger Troutman and Zapp, we heard them a whole lot in our formative years. You can't help hide those things that are your influence, but at the same time the goal is to do something new."

9.      Roger's contribution on *Uptown Funk* was likewise admitted by defendant Jeff Bhasker, co-writer and producer of *Uptown Funk*, who was specifically asked about it in an interview with L.A. Weekly and responded as follows:

>       **Q: Obviously *Uptown Funk* has a totally classic sound to it. Your keyboards are straight out of the '80s, some Zapp and Roger Troutman – type stuff.**
>
>       **A: Yeah, I mean, those are the production elements.**

10.     Mark Ronson failed in his goal to write something new. Substantial parts of *Uptown Funk* were copied from *More Bounce to the Ounce*. The significant and substantial

---

[1] https://www.youtube.com/watch?v=H3TF-hI7zKc. Delta blues musicians have varied experiences when it came to being voluntarily credited by the English music groups they "influenced." Chicago blues artist, Willie Dixon was credited by the Rolling Stones as the writer of their number one record, *Little Red Rooster*. Robert Johnson was credited by Cream and Eric Clapton as the writer of *Cross Roads*. In other instances, Willie Dixon had to sue Led Zeppelin for credit as the writer of a number songs including, *Bring It On Home*. Similarly, the Estate of Robert Johnson had to sue The Rolling Stones to receive credit as the writer of their recording, *Love in Vain* (Let It Bleed) and *Breakin' Down* (Exile on Main Street).

similarities between the two songs have been widely commented on by ordinary observers, musicians, independent critics and commentators.

11.     For example, Chris Molanphy's review of *Uptown Funk* in Slate stated "so dense are [*Uptown Funk's* musical] allusions that you could strip it for vintage parts" and identified Zapp's *More Bounce to the Ounce* as being copied.

12.     Likewise, Sean Ross of Billboard Magazine identified the similarity between *Uptown Funk* and *More Bounce to the Ounce*, and Vernon Reid, one of the 100 Greatest Guitarists of all time, according to Rolling Stone, publicly commented on the similarity of the two songs on Twitter:



**Nature of the Case**

13.     This is an action for copyright infringement, in violation of 17 U.S.C. ¶¶ 101, *et seq.*, arising from the defendants' unauthorized preparation of a derivative work, reproduction, public performance and/or distribution of the plaintiff's copyrighted musical composition, "More Bounce to the Ounce."

**Jurisdiction**

14.     The Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a) because this action arises under the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

15.     This Court has personal jurisdiction over defendants because they have transacted business in the state, contracted to supply goods and/or services in the state, directed their activities and marketing of infringing recordings at New York residents, and New York residents are able to purchase, download and stream the infringing composition and recording, *Uptown Funk,* (and Defendants have derived substantial revenue from their exploitations of the infringing composition and recording, *Uptown Funk*). Defendants thus do continuous and systematic business and/or have a place of business in this Judicial District.

16.     Venue is proper in this Judicial District pursuant to 28 U.S.C § 1391(b), § 1391(c) and § 1400(a) because defendants are subject to personal jurisdiction in this Judicial District and have committed unlawful acts of infringement in this Judicial District.

**Parties**

17.     Plaintiff Lastrada Entertainment Company, Ltd. ("Lastrada") is a New York corporation with its headquarters in New York.

18.     Defendant Mark Ronson ("Ronson"), doing business as "Songs of Zelig", is a citizen of England and the U.S. and a resident of New York. Ronson conducts systematic and continuous business in New York including, but not limited to, recording and producing albums in New York as well as performing and promoting musical works in New York. Ronson is a writer, producer and performer of *Uptown Funk*. Ronson has reproduced, distributed and publicly performed the infringing composition and sound recording, *Uptown Funk*, and/or has authorized the same.

5

19.     Defendant Jeffrey Bhasker aka Billy Kraven is an individual residing in Los Angeles, California. Bhasker conducts systematic and continuous business in New York including, but not limited to, recording and producing albums in New York. Bhasker is a writer, producer and performer of *Uptown Funk*. Bhasker has reproduced, distributed and publicly performed the infringing composition and sound recording *Uptown Funk* and/or has authorized the same.

20.     Defendant Philip Martin Lawrence II ("Lawerence") is an individual residing in Los Angeles, California. Philip Lawrence conducts systematic and continuous business in New York including, but not limited to, writing, recording and producing albums in New York. Lawrence is a writer of the infringing composition *Uptown Funk*. Lawrence has reproduced, distributed and publicly performed the infringing composition and sound recording *Uptown Funk* and/or has authorized the same.

21.     Defendant Imagem Music LLC doing business as "Songs of Imagem" and "Songs of Zelig" is a Delaware limited liability company authorized to do business in New York with an address of 229 West 28th Street in New York, New York. Imagem Music LLC is a music publisher of the infringing composition *Uptown Funk* and has authorized its reproduction, distribution and public performance.

22.     Defendant Imagem Music Inc. doing business as "Songs of Imagem" and "Songs of Zelig" is a Delaware corporation authorized to do business in New York with an address of 229 West 28th Street in New York, New York.  Imagem Music Inc. is a music publisher of the infringing composition *Uptown Funk* and has authorized its reproduction, distribution and public performance.

23.     Defendant Imagem, C.V. doing business "Imagem Music" and "Songs of Zelig" is a company formed in Netherlands with an office at 229 W 28th Street in New York, NY. Imagem, C.V. is a music publisher of the infringing composition *Uptown Funk* and has authorized its reproduction, distribution and public performance.

24.     Defendant Way Above, Inc. is a California corporation doing business in New York as Way Above Music. Way Above, Inc is a music publisher of the infringing composition *Uptown Funk* and has authorized its reproduction, distribution and public performance.

25.     Defendant Sony/ATV Songs, LLC ("Sony/ATV Songs") is a Delaware limited liability company authorized to do business in New York. Sony/ATV Songs is a music publisher of the infringing composition *Uptown Funk* and has authorized its reproduction, distribution and public performance.

26.     Defendant Sony/ATV Music Publishing LLC ("Sony/ATV Music") is a Delaware limited liability company authorized to do business in New York. Sony/ATV Music is a music publisher of the infringing composition *Uptown Funk* and has authorized its reproduction, distribution and public performance.

27.     Defendant WB Music Corp. is a California corporation authorized to do business in New York. WB Music Corp. is a music publisher of the infringing composition *Uptown Funk* and has authorized its reproduction, distribution and public performance.

28.     Defendant Warner/Chappell Music, Inc. is a Delaware corporation authorized to do business in New York. Warner/Chappell Music, Inc. is a music publisher of the infringing composition *Uptown Funk* and has authorized its reproduction, distribution and public performance.

29.     Defendant ZZR Music, LLC is a California limited liability company doing business in New York. ZZR Music, LLC is a music publisher of the infringing composition *Uptown Funk* and has authorized its reproduction, distribution and public performance.

30.     Defendant Universal Music Corp. is a Delaware corporation authorized to do business in New York. Universal Music Corp. is a music publisher of the infringing composition *Uptown Funk* and has authorized its reproduction, distribution and public performance.

31.     Defendant Sony Music Entertainment is a general partnership organized and existing under the laws of the State of Delaware and authorized to do business in New York, with an address of 550 Madison Avenue in Manhattan. Sony Music Entertainment is engaged among other things, in the business of manufacturing, distributing, and licensing of sound recordings. RCA Records is a division of Sony Music Entertainment with a principal place of business in New York. Sony Music Entertainment, acting through RCA Records, reproduced, distributed and publicly performed and/or authorized the reproduction, distribution and public performance of the infringing composition and sound recording, *Uptown Funk,* including individually as single, and on the album, Uptown Special by Mark Ronson.

32.     Defendant Sony Music Holdings Inc. is a Delaware corporation authorized to do business in New York and is a general partner/owner of defendant Sony Music Entertainment.

33.     Defendant USCO Sub LLC is a Delaware limited liability company doing business in New York and is a general partner/owner of defendant Sony Music Entertainment.

34.     Defendant Sony Music Entertainment UK Limited ("Sony UK") is a company organized under the laws of England and in the business of discovering and developing recordings artists and is engaged among other things, in the business of manufacturing, distributing, and licensing of sound recordings. Through its divisions and/or subsidiaries, Sony

8

UK reproduced, distributed and publicly performed and/or authorized the reproduction, distribution and public performance of the infringing composition and sound recording, *Uptown Funk*, including individually as a single, and on the album, <u>Uptown Special</u>, by Mark Ronson.

35.     Defendant VEVO LLC is a Delaware limited liability company authorized to do business in New York with a principal place of business in New York. VEVO LLC has reproduced, distributed and publicly performed and/or authorized the reproduction, distribution and public performance of the infringing composition and sound recording, *Uptown Funk*.

36.     Defendant Spotify USA Inc. is a Delaware corporation authorized to do business in New York with a principal place of business in New York. Spotify USA Inc. has reproduced, distributed and publicly performed and/or authorized the reproduction, distribution and public performance of the infringing composition and sound recording *Uptown Funk*.

37.     Defendant Apple, Inc. ("Apple") is a California corporation authorized to do business in New York. Apple owns and operates the iTunes Store ("iTunes"), a software-based digital media store that is the most popular music vendor in the world. Apple has reproduced, distributed and publicly performed and/or authorized the reproduction, distribution and public performance of the infringing composition and sound recording *Uptown Funk*.

**Plaintiff Lastrada Entertainment Company Ltd.**

38.     Lastrada is a family-owned business that has been active in the music publishing business for over 40 years. Lastrada's catalog features over 250 #1, Top 5, Top 10, Top 20 and Grammy Award-winning hits covering all genres and spanning the last six decades in music. Lastrada owns an undivided copyright interest in the musical work, *More Bounce to the Ounce*.

### *More Bounce to the Ounce*

39.     *More Bounce to the Ounce* (sometimes referred to as "*More Bounce*") is a musical composition created by Roger Troutman in 1980.

40.     *More Bounce to the Ounce* was released on Zapp's self-titled debut album, <u>Zapp</u>, released in 1980 on Warner Bros. Records.



41.     The group Zapp was comprised of Roger Troutman and his brothers.



42.     Zapp's debut album was #1 on Billboard's R&B Albums chart in 1980 and was certified Gold indicating sales in excess of 500,000 copies. The New York Times called the album "a funk masterpiece" and its lead single, *More Bounce to the Ounce*, a "party anthem."

43.     *More Bounce to the Ounce* was released as the lead single from the debut album and reached #2 on the Billboard R&B Singles Chart.

44.     A 5:12 edit of *More Bounce to the Ounce* was subsequently included on the album, Zapp & Roger – All the Greatest Hits, released in 1993, which was certified double Platinum, indicating sales in excess of 2 million copies.

45.     In 2016, *More Bounce to the Ounce* was identified as the #1 "Best Funk Song Ever" in Billboard Magazine.

46.     The copyright in the musical composition *More Bounce to the Ounce* was registered in 1981 under copyright registration number PA 100-155. Lastrada has owned an interest in the copyright in the musical composition, *More Bounce to the Ounce*, continuously since 1994 and at all times relevant to this Complaint. Lastrada currently owns a 72.81% interest in the copyright and a corresponding share of all accrued causes of action, including the claims asserted in this Complaint.

47.     The creators of *Uptown Funk* had access to *More Bounce to the Ounce*.

### *Uptown Funk*

48.      In 2014, defendants Mark Ronson, Philip Martin Lawrence II, and Jeff Bhasker began recording *Uptown Funk* in various recording studios in the U.S. including in New York, for inclusion on Ronson's album, Uptown Special.

49.     *Uptown Funk* was released to radio on November 10, 2014.

50.     Since its release, *Uptown Funk* has reached #1 in the U.S., U.K., and numerous other countries around the world.

51.     *Uptown Funk* held on to the number 1 position on Billboard's Hot 100 chart for fourteen consecutive weeks, one of the longest runs in music history.

52.    *Uptown Funk* was certified 11 times platinum in the U.S. by the R.I.A.A. and, upon information and belief, has sold over 16.8 million copies worldwide.

53.    The music video for *Uptown Funk* has been viewed over two billion times on YouTube.

54.    In addition, defendants have licensed *Uptown Funk* to third parties for numerous uses including, without limitation, Super Bowl advertisements, films, television shows, and recordings.

### *Uptown Funk* is Substantially Similar to *More Bounce to the Ounce*

55.    To write and record the song *Uptown Funk*, its writers intentionally and unlawfully copied from the *More Bounce* musical composition. *Uptown Funk* is so substantially similar to *More Bounce* that ordinary observers all over the world have remarked that the two songs sound the same, which they do.

56.    *Uptown Funk* bears substantial similarity to *More Bounce,* specifically, to the highly creative continuous sequence and original combination of melodic, rhythmic and harmonic elements in an extended passage of the funk anthem *More Bounce to the Ounce* from 0:47 – 2:10.[2]

57.    The original combination and sequence of elements in *More Bounce to the Ounce* copied in *Uptown Funk* include: (1) three-note introductory talk-box melody "doubled" on guitar; (2) chordal pattern; (3) eight note melody: (4) instrumentation; (5) talk-box vocalization of the word "doh"; and (6) clap groove on the backbeat. There are no other songs, other than *More Bounce* and *Uptown Funk,* that feature this sequence and combination of musical elements.

---

[2] This timing mark refers to the original track released on the Zapp album of 9:27 duration. The same passage is found at 0:19 – 1:12 on the album, Zapp & Roger - All The Greatest Hits.

58.     All of the notes in the continuous passage of *Uptown Funk* that have been copied from the continuous passage of *More Bounce* are highlighted in red in the charts below:



59.     The passage from *More Bounce* that is copied in *Uptown Funk* is quantitatively important to *More Bounce* as it is substantially repeated in *More Bounce* such that it constitutes more than half of the composition.

60.    The passage in *More Bounce* copied in *Uptown Funk* is qualitatively important to *More Bounce* because it is the dominant theme of *More Bounce*, and the "heart" of the work. If the music from the passage in *More Bounce* was removed, there would be little left of the song other than an intro and *More Bounce* would cease to exist.

61.    The passage of *More Bounce* is substantially reproduced in the first 48 seconds, of *Uptown Funk*. In addition to the first 48 seconds of *Uptown Funk*, virtually the entire guitar part, bass melody and vocoder part of *Uptown Funk*, (as well as the combination and sequence of these elements in *Uptown Funk*), is copied from this continuous passage of *More Bounce to the Ounce*.

62.    The guitar part of *Uptown Funk* is comprised almost entirely of a two-bar chordal pattern and eight-note melody. According to defendant Ronson, it took him 82 takes to perform the guitar part in *Uptown Funk.* According to Ronson, the guitar part in *Uptown Funk* is "so good" that his stepfather, legendary guitarist, Mick Jones of the band Foreigner, did not believe Ronson created it.

63.    The complexity of the guitar part in *Uptown Funk,* is with good reason – it was copied from *More Bounce to the Ounce* and written by a master guitar player, Roger Troutman.

64.    The guitar chordal pattern in *Uptown Funk* is virtually identical to the guitar part in the passage of *More Bounce* and the eight-note guitar melody in *Uptown Funk* is virtually identical to the talkbox melody in *More Bounce* "Get – get – get – get – get – get on the dance floor" – a melody that was described in John Bush's review of Get Bounce on allmusic.com as "infectious."

65.    The talkbox instrumentation of the first three notes in the passage of More Bounce was copied in the bass melody of Uptown Funk ("doh doh doh"). The talkbox and

14

vocoder ("talkbox") are similar seldom used devices that modulate instrument sounds to mimic human speech. Roger Troutman was a pioneer and perhaps the musician most identified with the talkbox. The use of the talkbox remains relatively uncommon in music today.

66.     The "doh doh doh" talkbox and bass hook of *Uptown Funk* is copied directly from the introductory notes of the passage in *More Bounce to the Ounce* sung as "more bounce" that immediately precedes and introduces guitar chordal pattern part of *More Bounce*. In addition, and as noted in the chart above, Troutman also vocalized "doh" in the passage *More Bounce* using the talkbox.

67.     Further, this melodic phrase is "doubled" in both songs, meaning the melody is performed on two instruments simultaneously to highlight its importance and effect. In *More Bounce to the Ounce* the talkbox melody ("more bounce") is simultaneously performed on guitar and in *Uptown Funk* the talkbox melody ("doh doh doh") is simultaneously performed on bass guitar.

68.     The handclaps on the 2 and 4 beat of *Uptown Funk* in combination with each of the melodic, rhythmic and harmonic elements discussed above are also copied from the passage of *More Bounce*. The handclaps occur throughout the passage copied from *More Bounce* as well as the entire song.

69.     As noted in John Bush's review on allmusic.com, the "clap heavy synth groove" "has [been sampled from *More Bounce to the Ounce*"] in close to 100 tracks by the most crucial artists in rap history: Public Enemy, EPMD, Ice Cube, Wu Tang Clan, Notorious B.I.G., Digital Underground, Snoop Doggy Dog, Coolio and Redman."

70.     The handclaps in *More Bounce to the Ounce* were recorded using groundbreaking time manipulation techniques. The percussive handclap element of *More Bounce to the Ounce*

has been commented on at length by hip hop producers including Fredwreck and artists such as Snoop Dogg.

## Defendants Copied from Other Sources

71.    When defendants originally released *Uptown Funk,* the only song they specifically credited as copying was Trinidad James' 2012 top 10 R&B and rap hit *All Gold Everything*.

72.    Several other songs were copied by defendants, however, in the creation of *Uptown Funk*. In fact, *More Bounce* is not the only funk anthem defendants copied from in the production of *Uptown Funk*.

73.    For example, when *Uptown Funk* was released and its copyright was registered, there was no indication that the melody for the its signature lyric ("Up-town, funk you up, uptown funk you up…") borrowed heavily from *I Don't Believe You Want to Get Up and Dance (Oops Up Side Your Head)* ("*Oops Upside Your Head*")

74.    *Oops Upside Your Head* is another funk anthem, recorded in 1979 by the R&B group The Gap Band and released from their fourth studio album, <u>The Gap Band II</u>. *Oops Upside Your Head* and its parent album both achieved commercial success. The single became an international hit for the group upon its late 1979 release, though it failed to reach the Billboard Hot 100 (peaking at number-one on its Bubbling Under Hot 100 chart). *Oops Upside Your Head* hit the top ten on the US R&B and disco charts and became a big-seller overseas where it peaked at number six in the UK in 1980 and number six in the Netherlands.

75.    In May, 2015, it was reported that defendants have given The Gap Band a writing credit on their huge hit Uptown Funk, due to its similarities with their 1979 track Oops Up Side Your Head. Ronnie Wilson, Charles Wilson and Robert Wilson of the group as well as producers

Rudolph Taylor and Lonnie Simmons are now recognized as songwriters on *Uptown Funk*. See

BMI catalog annexed as Exhibit 1.

## First Cause of Action
(Copyright Infringement – 17 U.S.C. § 101, et seq.)

76.     Plaintiff repeats and realleges the allegations set forth above as though set forth

fully herein.

77.     The copyright in *More Bounce to the Ounce* is registered with the U.S. Copyright

Office in compliance with the U.S. Copyright Act (registration # PA 100155).

78.     Plaintiff is, and has at all times relevant to this Complaint been, the owner of an

interest in the copyright in *More Bounce to the Ounce*. The copyright for the musical

composition is properly registered with the United States Copyright Office.

79.     Defendants had access to *More Bounce to the Ounce* by virtue of its wide

dissemination, including without limitation, on the original certified gold album, <u>Zapp,</u> the

double platinum album, <u>Zapp & Roger – All The Greatest Hits,</u> and the availability of *More*

*Bounce to the Ounce* on every major digital retailer and streaming service including without

limitation, iTunes since at least 2008.

80.     In producing *Uptown Funk*, defendants copied distinct, important, and

recognizable portions of *More Bounce to the Ounce* in *Uptown Funk* that are quantitatively and

qualitatively important to *More Bounce to the Ounce*.

81.     The substantial similarity of the passage of *More Bounce to the Ounce* and

*Uptown Funk* is not the product of independent creation.

82.     The inclusion of the signature elements of *More Bounce to the Ounce* greatly

enhances the musical and financial value of *Uptown Funk*.

83.     Defendants copied and reproduced *More Bounce to the Ounce* in *Uptown Funk* as identified herein, without authorization, and *Uptown Funk* constitutes *inter alia*, an unauthorized derivative work.

84.     Beginning in November 2014 and continuing through today, each of the defendants reproduced, distributed, publicly performed and/or authorized the reproduction, distribution and public performance of the infringing composition and sound recording *Uptown Funk* and each of the defendants continues to infringe *More Bounce to the Ounce*.

85.     From the date *Uptown Funk* was produced, defendants have infringed plaintiff's copyright interest in *More Bounce to the Ounce* including: (a) by substantially copying, distributing and publicly performing, or authorizing the copying, distributing and public performances, including publicly performing *Uptown Funk* at radio, streaming, live concerts, personal appearances, and on film, video, television, and otherwise; (b) by authorizing the reproduction, distribution and sale of the records and digital downloads through the execution of licenses, and/or actually selling, manufacturing, and/or distributing *Uptown Funk* through various sources; (c) by using *Uptown Funk* in the marketing and promotion of the sale of other products and experiences including without limitation, tickets to concerts and other performances, and other merchandise; and (d) by participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of *More Bounce to the Ounce* in and as part of *Uptown Funk*, packaged in a variety of configurations and digital downloads, mixes and versions, and performed in a variety of ways including radio, concerts, personal appearances, film, video, television, and/or otherwise.

86.     No one ever gave permission or consent, or ever granted any of the defendants a license, to reproduce, distribute, publicly perform, or otherwise, use the music from *More Bounce to the Ounce* in *Uptown Funk.*

87.     Defendants copied the music from *More Bounce to the Ounce* in the composition and recording, *Uptown Funk* and authorized others to do so, including without limitation, on the album, <u>Uptown Special</u>, the music video for *Uptown Funk* and the digital single for *Uptown Funk* and began reproducing and distributing, or authorizing reproduction and distribution of each in November 1, 2014 and continuing through the present.

88.     Defendants' preparation of, reproduction, distribution, and public performances of *Uptown Funk* infringes on plaintiff's exclusive rights in the musical composition, *More Bounce to the Ounce* held under the Copyright Act, 17 USC § 101 et seq.

89.     Defendants' conduct has at all times been knowing and willful.

90.     As a proximate result of defendants' wrongful conduct, plaintiff has been irreparably harmed, suffered damage, and defendants have profited in an amount to be determined at trial.

91.     The infringement is continuing as the album on which *Uptown Funk* appears, continues to be sold and both the album and the single continues to be licensed for sale, downloads, ringtones, mastertones, motion pictures, and advertisements and other exploitations by defendants, or their agents.

92.     As a direct and proximate result of defendants' conduct, plaintiff has suffered actual damages including lost licensee fees for the use of *More Bounce* in *Uptown Funk.*

93.     Pursuant to 17 U.S.C. § 504(b), plaintiff is entitled, at its election, to an award of: (a) actual damages, including its own damages and the substantial profits of defendants, as will

be proven at trial; or, in the alternative, (b) statutory damages pursuant to 17 U.S.C. § 504(c) in

the maximum amount of $150,000 per infringement.

94.     Plaintiff is also entitled to its costs, including reasonable attorneys' fees, pursuant

to 17 U.S.C. § 505.

## Second Cause of Action
### (Permanent Injunction)

95.     Plaintiff repeats and realleges the allegations set forth above as though set forth

fully herein.

96.     Plaintiff is entitled to an injunction enjoining Defendants and their agents,

employees, and all other persons in active concert or privity or in participation with them, from

directly or indirectly infringing on plaintiff's copyright in the *More Bounce* composition or from

continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce,

develop, or manufacture any works derived and/or copied, from the composition, in whatever

medium, or to participate or assist in any such activity.

97.     Plaintiff will suffer irreparable harm if injunctive relief is not granted by this

Court.

98.     Defendants' infringements of plaintiff's intellectual property are causing

irreparable harm to plaintiff.

99.     By reason of the foregoing acts of copyright infringement, plaintiff is entitled to

declaratory relief and a permanent injunction enjoining defendants from continuing the aforesaid

acts of infringement pursuant to the Copyright Act, 17 U.S.C. § 502.

## Demand for Jury Trial

100.    Plaintiff respectfully requests a trial by jury on all claims asserted in this

Complaint.

**Prayer for Relief**

Plaintiff Lastrada Entertainment Company, Ltd., by its attorneys Schwartz, Ponterio & Levenson, PLLC, respectfully requests that judgment be entered against defendants jointly and severally, as follows:

A.   For judgment that defendants have violated the Copyright Act and that all such violations have been willful; and

B.   For judgment entering a preliminary and permanent injunction enjoining and restraining defendants and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from infringing plaintiff's exclusive rights under the Copyright Act by reproducing, distributing, publicly performing *Uptown Funk*;

C.   For judgment assessing defendants for the damages suffered by plaintiff, including an award of actual damages and defendants' profits attributable to the infringement, or statutory damages (at plaintiff's election) under the Copyright Act, all profits that defendants have derived from their infringing acts, as well as prejudgment interest, costs and attorney's fees to the full extent provided for by Sections 504 and 505 of the Copyright Act, 17 U.S.C. §§ 504 and 505; and

D.   For a judgment directing that defendants deliver up for destruction to plaintiff all copies of *Uptown Funk* in their possession or under their control, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503.

E.   For judgment granting such other, further, and different relief as to the Court may seem just and proper, including plaintiff's costs and reasonable attorneys' fees.

Dated: New York, New York
        September 12, 2017

                                SCHWARTZ, PONTERIO & LEVENSON, PLLC
                                *Attorneys for Plaintiff*


                        By:    _____
                                Brian S. Levenson
                                Matthew F. Schwartz
                                134 West 29th Street - Suite 1006
                                New York, New York 10001
                                Telephone: (212) 714-1200